Glenn R. Kantor, SBN 122643
  E-mail: gkantor@kantorlaw.net
Brent Dorian Brehm, SBN 248983
  E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
Evelyn Wong

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN WONG,<br><br>            Plaintiff,<br><br>   vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>            Defendants. | CASE NO:<br><br>COMPLAINT FOR DAMAGES<br><br>(1) BREACH OF CONTRACT<br><br>(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

   Plaintiff Evelyn Wong herein sets forth the allegations of her Complaint against Defendant Unum Life Insurance Company.

**PRELIMINARY ALLEGATIONS**

   1.   Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

   2.   Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

   3.   Plaintiff is informed and believes that Defendant Unum Life Insurance Company of America (hereinafter "Unum") is a corporation incorporated in and

with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff Evelyn Wong is a resident and citizen of the town of Glendale, County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA FOR BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6. Effective January 1, 2015, Unum issued to Glendale Adventist Emergency Room Physicians a group long term disability ("LTD") policy. The LTD coverage was provided pursuant to an insurance policy, Policy Number 633170 (hereinafter the "Policy"). The Policy covered only shareholders (i.e. owners) of Glendale Adventist Emergency Room Physicians.

7. At all times relevant, Plaintiff was a shareholder of Glendale Adventist Emergency Room Physicians and eligible for coverage under the Policy. At all times relevant, Plaintiff was enrolled for coverage under the Policy and was covered under the Policy.

8. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid. At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed.

9. In or about October 4, 2017, Plaintiff suffered a loss compensable under the terms of the Policy in that she became unable to perform with reasonable continuity the substantial and material acts necessary to pursue her usual occupation as an emergency room physician.

10. Plaintiff submitted a LTD claim to Unum, who approved Plaintiff's claim and paid benefits to December 2, 2018.

11. On or around December 2, 2018, Plaintiff attempted to return to work. Unfortunately, Plaintiff's return to work did not go as planned. She continued to suffer from symptoms in her back and hand that were not compatible with a return to work as she had been performing her occupation prior to her disability. Plaintiff continued to work, but in a significantly reduced capacity due to her disabling symptoms.

12. During this return to work period that started on December 2, 2018, Plaintiff satisfied the Partial Disability provision in the Policy. This provision allowed her to continue to receive LTD benefits under the Policy while working in a limited capacity due to her disabling symptoms.

13. By letter dated July 23, 2019, Unum advised Plaintiff that it had found her entitled to partial disability benefits under the Policy from December 2, 2018 through April 30, 2019. However, effective May 1, 2019, Unum stated it had determined that benefits were no longer payable as of this date as it believed Plaintiff was no longer disabled as defined by the Policy's Partial Disability Benefit.

14. On August 14, 2019, Plaintiff stopped working do to the progressing and disabling symptomology she suffered from.

15. In a letter dated October 4, 2019, Plaintiff appealed that determination. Along with Plaintiff's appeal, she provided Unum with objective evidence supporting her disabling symptoms, the findings of multiple treating physicians that she continued to suffer from disabling symptoms, vocational evidence establishing her symptoms were not compatible with working her occupation in the usual way, and an explanation why Unum's prior findings were not reasonable.

16. In a letter dated November 21, 2019, Unum upheld its determination that Plaintiff was not entitled to benefits under the Policy effective May 1, 2019.

However, in the same letter, Unum stated it found Plaintiff totally disabled effective August 14, 2019—the day she stopped working. This finding entitled Plaintiff to continued LTD benefits under a different policy insured by Unum. But, according to Unum, because Plaintiff's disability caused her to work so few hours, she had lost coverage under the Policy effective May 1, 2019, and she was not entitled to continued benefits even though Unum agreed she was totally disabled effective August 14, 2019.

17. In other words, Unum's claim was that Plaintiff could perform her duties as an ER physician because she had fully healed effective May 1, 2019, but it was her choice to not work full time, and thus she lost her coverage under the Policy. Then she suddenly became totally disabled effective August 14, 2019, rather than having experienced a continued progression of the symptoms that had forced her to work reduced hours. Based on the evidence provided to Unum, there was no reasonable way to reach this conclusion.

18. As a direct and proximate result of Unum's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

19. Unum's conduct constitutes a breach of the insurance contract between Unum and Plaintiff. As a direct and proximate result of Unum's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

# SECOND CLAIM FOR RELIEF AGAINST DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

21. Unum has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when Unum knew Plaintiff was entitled to said Partial Disability and full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Improperly advising Plaintiff that her civil remedies were limited to those provided by the federal Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") when in fact Plaintiff's claim is governed by California law;

(d) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(e) Unreasonably failing to properly investigate Plaintiff's claim;

(f) Intentionally and unreasonably applying pertinent policy provisions so as to limit Unum's financial exposure and contractual obligations and to maximize profits; and

(g) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further

discourage Plaintiff from pursuing her full policy benefits.

22. Plaintiff is informed and believes and thereon alleges that Unum has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

23. As a proximate result of the aforementioned wrongful conduct of Unum, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

24. As a further proximate result of the aforementioned wrongful conduct of Unum, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

25. As a further proximate result of the aforementioned wrongful conduct of Unum, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Unum is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

26. Unum's conduct described herein was intended by Unum to cause injury to Plaintiff, was despicable conduct carried on by Unum with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Unum with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Unum.

27. Unum's conduct in wrongfully terminating and denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of

income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Unum's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Unum as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $1,500,000 plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $3,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $9,000,000.00;

4. A trebling of any punitive damages pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: July 21, 2021        KANTOR & KANTOR, LLP

By: */s/ Brent Dorian Brehm*
Glenn R. Kantor
Brent Dorian Brehm
Attorneys for Plaintiff,
Evelyn Wong

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  July 21, 2021          KANTOR & KANTOR, LLP

By: */s/ Brent Dorian Brehm*
    Glenn R. Kantor
    Brent Dorian Brehm
    Attorneys for Plaintiff,
    Evelyn Wong